**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JACK JUDGE, DOMINIC OLIVIERA, JOHN     )
COFFMAN, and DAVID LESPERANCE,     )
individually and on behalf of those similarly situated,     )
    )
        Plaintiffs,     )
    )     Case No. 16 cv 6884
        v.     )
    )     Judge Sharon Johnson Coleman
UNIGROUP, INC., MAYFLOWER TRANSIT,     )
LLC, and UNITED VAN LINES, LLC,     )
    )
        Defendants.     )

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Jack Judge, Dominic Oliviera, John Coffman, and David Lesperance, filed the

amended complaint on behalf of themselves and others similarly situated, alleging defendants

violated the Fair Labor Standards Act by causing plaintiffs to work for less than minimum wage.

Defendants, UniGroup, Inc., Mayflower Transit, LLC, and United Van Lines, LLC, move to dismiss

the complaint or, alternatively to transfer venue to the Middle District of Florida [21]. For the

reasons set forth herein, this Court grants the motion to transfer.

**Background**

Plaintiffs Jack Judge, Dominic Oliviera, John Coffman, and David Lesperance were van

operators for defendant UniGroup, Inc. and its subsidiaries Mayflower Transit, LLC, and United

Van Lines, LLC, through various local moving company agents. UniGroup has more than 600

agents all across the country. UniGroup and its named subsidiaries are Missouri corporations.

Jack Judge is a resident of Florida, who worked as a van operator from February 2015 until

March 2016. Dominic Oliveira is working on the road and does not have an established domicile,

though the complaint avers that he "intends to permanently reside in Illinois in the near future."

(Dkt. 19 at ¶¶16-17). Oliveira was a van operator from December 2014 through September 2015 and again from October 2015 through July 2016. John Coffman is a resident of Texas, who worked as a van operator from January 2012 through June 2015. David Lesperance is a resident of Pennsylvania, who worked as a van operator from September 2014 through January 2015.

Plaintiffs allege that in many weeks they were paid less than $7.25 per hour, that defendants failed to track their hours of work beyond the hours tracked by the United States Department of Transportation, and that they were required to pay their own expenses including fuel and repairs. Most UniGroup van operators were paid a percentage of the line haul, which often resulted in less than a minimum hourly wage, according to the complaint.

**Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(3) defendants move to dismiss the complaint based on improper venue or, alternatively, to transfer the case pursuant to 28 U.S.C. § 1406(a). The plaintiffs bear the burden of establishing that they filed the case in the proper district once venue is challenged. *MB Fin. Bank, N.A. v. Walker*, 741 F. Supp. 2d 912, 915 (N.D. Ill. 2010) (collecting cases); *see also Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182 (7th Cir.1969). In assessing a defendant's motion to dismiss under Rule 12(b)(3) for improper venue, the Court must view the allegations in the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts except those as true unless contradicted by an affidavit. *See Marzano v. Proficio Mortg. Ventures, LLC*, 942 F. Supp. 2d 781, 787 (N.D. Ill. 2013) (citation omitted). The Court also may consider evidence outside the pleadings to the extent that it assists the Court with resolving whether venue is proper. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809-10 (7th Cir. 2011); *Coleman v. Supervalu, Inc. Short-Term Disability Program*, 920 F. Supp. 2d 901, 903-04 (N.D. Ill. 2013).

**Discussion**

Venue is governed by 28 U.S.C. §1391(b), which states that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiffs argue that venue is proper here under §1391(b)(1) because the defendants are residents of Illinois. Plaintiffs assert that, because defendants are subject to personal jurisdiction in Illinois, they reside here pursuant to §1391(c)(2). However, in their First Amended Complaint plaintiffs only allege that venue is proper in this district pursuant to §1391(b)(2). Dkt. 19, at ¶24. A party opposing a motion to dismiss may not amend the complaint through arguments made in a brief. *Pirelli v. Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.,* 631 F.3d 436, 448 (7th Cir. 2011). However, even if plaintiffs can establish that defendants reside in the Northern District of Illinois for purposes of venue pursuant to §1391(c)(2) based on personal jurisdiction, a transfer is still in the interest of justice pursuant to 28 U.S.C. §1404(a).

This Court may transfer venue to another district or division for reasons of convenience when it is "in the interest of justice." 28 U.S.C. § 1404(a). Defendants must show that (1) venue is proper in the transferee district; (2) the transferee district is more convenient for both the parties and witnesses; and (3) transfer would serve the interest of justice. *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999). This Court must consider these factors "in light of all the circumstances of the case." *Moore v. Motor Coach Indus.*, 487 F. Supp. 2d 1003, 1006 (N.D. Ill. 2007) (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The Seventh Circuit has suggested that the district court has discretion to decide the weight to be given each factor. *See Coffey*, 796 F.2d at 219, n.3; see also *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964) (noting that the remedial purpose of § 1404(a) requires "individualized, case-by-case consideration of

convenience and fairness"). The burden is defendants as the movant to demonstrate that the balance of the factors weighs heavily in favor of transfer and that transfer would not merely shift inconvenience from one party to another. *Fink v. Declassis,* 738 F. Supp. 1195, 1198 (N.D. Ill. 1990).

Defendants seek transfer to the Middle District of Florida. They assert that venue is proper in that district pursuant to 28 U.S.C. §1391(b)(2), and that it is the more convenient forum. "In deciding whether to transfer a case pursuant to Section 1404(a), a court may consider several factors, including the plaintiff's choice of forum, the situs of material events, the convenience of the witnesses, and the convenience of the parties." *College Craft Cos. v. Perry*, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995) (citing *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Limited Partnership*, 807 F. Supp. 470, 474 (N.D. Ill. 1992) (citations omitted)).

The plaintiff's choice of forum is generally given deference unless the balance is strongly in favor of the defendant. *In re Nat'l Presto Indus., Inc.,* 347 F.3d 662, 664 (7th Cir. 2003). This is particularly true where it is also the plaintiff's home forum. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995) (citing *Gallery House, Inc. v. Yi,* 587 F. Supp. 1036, 1040 (N.D. Ill. 1984), and *Piper Aircraft v. Reyno*, 454 U.S. 235, 70 L. Ed. 2d 419, 102 S. Ct. 252 (1981)). Here, this district is not the home forum of any of the plaintiffs. Only Oliveira is alleged to have ties to Illinois and the complaint states that he intends to make Illinois his residence, though he has not established a permanent domicile. Plaintiffs also concede that not even Oliveira would be a resident of this district. Accordingly, plaintiffs' choice of forum is not entitled to deference. *Law Bulletin Publ'g, Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998) ("While a plaintiff's choice of forum is an important consideration in determining whether a motion to transfer should be granted, it is not absolute and will not defeat a well-founded motion to transfer.").

Next, the Court considers the situs of claim. Plaintiffs assert that defendants failed to pay them appropriate wages in violation of the Fair Labor Standards Act. Plaintiffs concede that the

material events occurred in many districts across many states, but they argue that what matters is where plaintiffs felt the effects that matters to the present inquiry. *See Pryor v. United Air Lines, Inc.*, No. 12-cv-5840, 2013 WL 4506879, at *7 (N.D. Ill. Aug. 23, 2013) (relying on cases holding that the most significant situs generally is the place where the relevant decision's effects were felt) (Dow, J.). Although plaintiffs argue that they would have felt the effects of reduced pay wherever they drove, the data presented by defendants shows that each named plaintiff spent minimal time driving in Illinois. Moreover, plaintiffs are likely to feel the effects of pay most acutely where they reside, rather than in this district. In *Pryor*, the plaintiff sought venue in this district even though she complained of United Airlines failure to remediate harassment that she experience at Dulles airport and in airplanes around the world. *Id.* The district court found no basis for finding that Chicago was the situs of the claim even if the decisions regarding Pryor's employment harassment claims were made here. *Id.*

Where, as here, the evidence is easily transferable from one district to another electronically since it is likely to be primarily documentary, the factor of ease of access to proof is neutral. *See First Nat'l Bank v. El Camino Res., Ltd.,* 447 F.Supp.2d 902, 912 (N.D.Ill.2006).

Turning to the convenience of the parties and witnesses, Florida appears to be more convenient where at least one plaintiff resides in the Middle District of Florida. Additionally, two plaintiffs, Judge and Oliveira drove for Florida based agents. The Northern District of Illinois is certainly no more convenient for the plaintiffs since all would have to travel to this district, but only three would have to travel to Florida. Plaintiffs assert that one of the witnesses, a dispatcher, resides in Illinois. However, the issues in this case will primarily require employment and pay records, a dispatcher's testimony is of minimal weight. Moreover, defendants assert that the moving company agents, who are not parties, have control over the key evidence and records. Plaintiffs drove for two agents located in Florida, and others located in Texas, Virginia, and Ohio. Plaintiffs did not drive for

any Illinois agents. Therefore, the witnesses with knowledge of the agents' employment and pay records are not in this district. Accordingly, these factors strongly favor transfer.

This Court must also consider whether a transfer is in the interest of justice, relying on a myriad of factors, including the court's familiarity with the applicable law, concerns relating to the efficient administration of justice, and the relationship of each community to the controversy. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). This factor also favors transfer. The basis of the claim is a federal statute and therefore each court is familiar with the relevant law. The Middle District of Florida is likely to be the more efficient court for administering the case since two of the agent moving companies, and thus the custodians of key documentary evidence, are within its subpoena powers. The Middle District Florida also has nearly half the number of civil cases pending than the Northern District of Illinois. Furthermore, Florida has the greater interest in resolving issues that affect one of its residents and implicate actions of two Florida based agent moving companies, at least as they may be called as third-party witnesses. Accordingly, transfer from this district to the Middle District of Florida is in the interest of justice.

**Conclusion**

Based on the foregoing discussion, this Court finds that defendants have met their burden to demonstrate that the balance of the factors weighs heavily in favor of transfer. This Court grants a transfer of this matter to the Middle District of Florida as the more convenient forum pursuant to 28 U.S.C. §1404(a). Defendants' Motion to Transfer [21] is granted.

IT IS SO ORDERED.

Date: January 24, 2017

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge